### J. R. ADAMS ET AL. v. W. F. RAMSEY ET AL.

Delivered March 23, 1898.

**1.   Deed Construed—Life Estate—Inheritance by Wife.**

The wife, if she survives her husband, who dies without issue, takes a life estate and a fee simple to an undivided one-half under a deed granting land to the husband for life, and after his death to his heirs in fee, and providing that if his wife survives him she shall have the use of the land for life, and that if he dies without heirs of his body or their descendants, the land shall descend to his heirs as directed by statute.

**2.   Rights of Remainderman.**

The remainderman is not entitled, during the existence of the life estate, to judgment in trespass to try title for the land, or for rent.

APPEAL from Johnson.   Tried below before Hon. J. M. HALL.

*Henry, Brown & Goldsmith,* for appellants.

*L. B. Davis* and *H. P. Brown,* for appellees.

JAMES, CHIEF JUSTICE.—Appellant states the facts correctly thus:

First.   That prior to October 17, 1888, the title to the land was in plaintiff J. R. Adams; that Frank F. Adams was a son of J. R. Adams; that on October 17, 1888, he was 49 years of age, and had been married to Annie Adams at that time some ten or twelve years, and had no chil-

dren and never had any; that Frank Adams died January 1, 1894; that the deed of October 17, 1888, from J. R. Adams and Emma J. Adams to Frank F. Adams recites among other things, that "for the love and affection I bear for my son Frank, and for the purpose of making a settlement on him in the division of my estate among my son and daughters, have given, granted, and conveyed, and do give, grant, and bestow and convey unto the said Frank F. Adams, for his use, behoof, and benefit during his life, and after his death to the heirs of his body in fee simple, intending, however, if his wife Annie survive him, the lands shall be used and enjoyed by her during her life, and in case my said son Frank shall die without leaving surviving him such heirs of his body or their descendants, then the land shall descend in his heirs as directed by the laws of the State of Texas," which deed describes the land set out in the plaintiffs' petition.

Second. Defendants claim under a warranty deed executed by Annie R. Adams, surviving wife of Frank Adams, dated September 23, 1895, made to W. F. Ramsey for $650 cash to the land in controversy; that Annie R. Adams is now living.

Third. It was admitted that all the plaintiffs were the children of J. R. Adams and were living at the time this suit was instituted, and that Emma J. Adams, wife of J. R. Adams, was dead at the date of the institution of this suit.

Fourth. That the rental value of the land in controversy is $75 per annum.

*Conclusions of Law.*—1. We conclude that the wife of Frank F. Adams (the vendor of appellees) took under this deed and the foregoing facts a life estate in the property, and a fee simple title to an undivided half therein.

2. The action being one in trespass to try title, following the decision in Cook v. Caswell, 81 Texas, 684, we conclude that during the existence of the said life estate plaintiffs were not entitled to judgment for the land or rents, and that the judgment of the District Court should be affirmed, but without prejudice to any right of plaintiffs to one-half of the land after the life estate shall have determined.

*Modified and affirmed.*